SIEMER's, Adm'r *vs.* SIEMER AND WIFE, *December,* 1829.

A Testator, after reciting in his will (which was executed in *Germany*) his intention to depart in a few days for *America*, " for the purpose of seeking his fortune," devised as follows :  " He declares his deliberate will to be, that in case he should die unmarried in a foreign country, the small *Openan* Cottage, situate at D, should be retained as heritable property, by his near relation G, the eldest daughter of I, farmer, at D, whom he hereby constitutes his sole heiress.   She and her father, however, shall be held to pay to the three daughters of W and D," a certain sum, as a legacy.   " To his guardian C, he devises the turf moor at, &c."   After this the testator came to *Baltimore,* where he died unmarried, and without issue, leaving personal property.   Held that upon the true construction of this will, G was entitled to the whole of the Testator's personal estate; as it was his intention by the words " *sole heiress,*" to give her every thing he had, except the property specifically devised, in the event of his dying unmarried in a foreign country.

APPEAL from the Orphans Court of *Baltimore* county.

A petition was filed by the appellees, *Henry Siemer* and *Gesche,* his wife, in the Orphans Court of *Baltimore* County, on the 3d of April, 1827, setting forth, that a certain *John Siemer,* late of *Baltimore* county, deceased, a native of *Germany,* did, when he was about leaving his country for the *United States of America,* execute a will, in the *German* language, which, by the order of that Court, was accepted as the last will and testament of the said *Siemer,* and admitted to be recorded as such in the Register of Wills' office, of said county ; a copy of which, (as translated,) the petitioners exhibit as part of their petition.   They

state that *Charles F. Mayer*, (the appellant) had taken out letters of administration on the estate of the said *John Siemer*, who resided and died in the city of *Baltimore*, having never returned after leaving *Germany* as aforesaid, to that country. That said letters of administration, were granted without any knowledge of an existing will: that the administrator had proceeded to execute his trust, and after due notice, all the creditors of the estate had been paid. That several years have elapsed since the granting of administration, and that on the 2d of April, 1827, the said administrator had passed his third account, showing a balance in his hands of about $1278 42. That after said will was received, and ordered to be recorded, letters of administration, with the will annexed, were issued to said *Mayer*—they allege that *Gesche*, one of the petitioners, is the *Gesche Warneken*, in said will named, she having married the other petitioner, *Henry Siemer*, and they claim, that by virtue of said will, the petitioner, *Gesche*, is the only legatee of said deceased, and as such, entitled to the whole of the residuum of his estate, the time for the payment of which they say has arrived. *Prayer*, that the defendant may be summoned to answer, pass a final account, and that the balance in his hands may be paid over, and delivered to the petitioners, &c.

The will of *John Siemer* referred to in the preceding petition, is dated on the 28th of April, 1801. The testator, after declaring it to be his intention then to make his judicial testament, having (as he says) at that time, in view to depart for *America* in a few days, for the purpose of seeking his fortune. " He declares his deliberate will to be, that in case he should die unmarried in a foreign country, the small *Opeman* Cottage, situate at *Dreye*, should be retained as heritable property, by his near relation *Gesche Warneken*, the eldest daughter of *Johann Warneken*, farmer at *Dreye*, whom he hereby deliberately constitutes his sole heiress; she and her father, however, shall be held to pay to the three daughters of the toll collector, *Wicken Warneken*,

at *Dreye,* to wit, *Margaret, Antrine,* and *Gesche,* five hundred rix dollars in gold. As a legacy to his guardian *Christopher Eggers,* he devises the turf moor, &c."

The answer of the defendant, admits the granting to him of letters of administration, on the estate of said *Siemer,* as alleged, and that he proceeded in the execution of his trust in the manner stated, and that letters of administration, with the will of the said *Siemer* annexed, were subsequently granted him as the petitioners allege—the respondent further admits, that the paper referred to and exhibited by the petitioners, was received by the Orphans Court of *Baltimore* county, as the last will and testament of the said *John Siemer,* and that said *Siemer* pronounced the same as his will, before he left his native country, *Germany,* as stated by the petitioners, and that said *Siemer,* after so making his will, and leaving *Germany,* never returned, and that he died in the city of *Baltimore,* where he had resided from the time of his arrival in the *United States,* unmarried, and without issue. The respondent further admits, that the *Gesche Warneken,* named in said will, and the *Gesche Siemer,* the petitioner, are one and the same person, and that she is the wife of the petitioner, *Henry Siemer;* but he denies that by virtue of said will, and the terms of any bequest or disposition therein, the said *Gesche Siemer* is entitled to have the funds or property of the deceased, *John Siemer,* exclusively to herself, as universal legatee, and without any participation of the next of kin of the said *Siemer* of equal degree with her; and he insists, that the residue of the personal estate of the said *Siemer,* in his hands remaining, (all the debts being admitted to be paid) ought to be distributed in equal shares among the four *cousins* of the said deceased, who are his next of kin (named in the answer,) and of whom the petitioner, *Gesche,* is one. He further says, that he has rendered to the said Court, a final account of his administration, with the will annexed, by which, a balance is shown to be in his hands of $1268 16. It was admitted that the persons mentioned in

the answer as to the next of kin of the said *John Siemer*, in equal degree with the petitioner, are so the next of kin in equal degree.

A commission was sent to *Germany* to take proof, but as the opinion of the Court of Appeals turned entirely upon the construction of the will of *Siemer*, it is not necessary to set out the proof taken and returned under it.

The *Orphans Court*, on the 21st of May, 1827, decreed that the defendant, *Charles F. Mayer*, administrator as aforesaid of *John Siemer*, deceased, pay over to the petitioners in this cause, the balance remaining in his hands due the estate of said deceased, as appears by his last account rendered to this court.

From this decree, the defendant appealed to the Court of Appeals.

The cause was argued before BUCHANAN, Ch. J., and EARLE, MARTIN, ARCHER, and DORSEY, J.

*Mayer*, for the appellant, insisted,

1. That under the proper construction of the will, *Gesche Siemer* is entitled only to the property (the Cottage,) there specifically devised. 2. That even if the terms of the will, purported to give her the personal estate in question, yet that the will not being executed, agreeably to our laws, cannot be considered effectual for that purpose; the personal estate being here, and this having been the country of the deceased *Siemer's* residence at his death. Upon the first point he referred to 4 *Bac. Ab.* 254, 258. *Pratt's Lessee, vs. Flamer, et. al.* 5 *Harr. and Johns.* 10. *Dallam vs. Dallam,* 7 *Harr. and Johns.* 222. 4 *Bac. Ab.* 323. *Halloway vs. Halloway,* 5 *Ves.* 399. 4 *Bac. Ab.* 350. On the 2d point he cited, *Desebals vs. Berquier,* 1 *Binney,* 336. *Sill vs. Worswick,* 1 *H. Blk.* 690. *De Sobry ex'r. of Terrier De Laistre vs. Terrier De Laistre,* 2 *Harr. and Johns.* 191, 200. *Harvey vs. Richards,* 1 *Mason,* 403, 412. *Dixon's ex'rs, vs. Ramsay's ex'rs* 3 *Cranch,* 319. *Marsh vs. Hutch-*

*inson,* 2 *Bos. and Pull.* 226. *Amb.* 25. *Ib.* 415. *Holmes vs. Remsen,* 4 *Johns. Ch. Rep.* 478. *Act of* 1810, *ch.* 34.

*Frick,* for the appellee. Personal property has no locality, but follows the person of the owner, and is to be distributed according to the laws of the domicil of the deceased. The will has been admitted to probate in the Orphans Court of *Baltimore* county, and is in conformity with the laws of *Germany,* and this State. 2 *Black. Com.* 501. 2 *Com. Rep.* 452, 453, 454. *Tilghman vs. Steuart,* 4 *Harr. and Johns.* 166, 173. *Matthews vs. Warner,* 4 *Ves.* 197, 201. *Beauchamp vs. Earl of Hardwicke,* 5 *Ves.* 285. It is immaterial where the will was made, it will operate here. The testator intended to constitute *Gesche Warneken,* sole heiress of all his real and personal property, not given to others. When the meaning of the term " *sole heiress,*" as understood in *Germany* is ascertained, the Court will apply it here. In the *German* language the word " *legatee*" is not known, and this will was written in the *German* language. We have a right to refer to the civil law, to ascertain the meaning of the term " *sole heiress,*" in the *German* language. 4 *Bac. Ab.* 242, 339, 337. *Attorney General vs. Butler,* 5 *Ves.* 339. *Hays on ad'rs.* 217. *Doe vs. Lyde,* 1 *Term Rep.* 597. Although the testator died here, it is not shown that this State was his domicil. The will shows he intended to return. *Guier vs. O'Daniel, (note)* 1 *Binney,* 351. *Babtiste, et. al. vs. De Volunbrun,* 5 *Harr. and Johns.* 86. *Somerville vs. Lord Somerville,* 5 *Ves.* 787.

BUCHANAN, Ch. J. delivered the opinion of the Court.

The only question in this case arises upon the construction of the will of *John Siemer,* deceased, admitted to probate and recorded in the Orphans Court of *Baltimore* county.

And that question is, whether by the terms of the will, *Gesche Warneken,* the person therein named, now *Gesche Siemer,* on the death of the testator in this State, unmarried and without issue, (which is admitted,) became en-

titled as residuary legatee, to the whole of his personal property left by him in this State, at his death, after the payment of his debts, and the charges and expenses incident to the administration. The testator, after reciting in his will, (which was executed in *Germany*,) his intention to depart in a few days for *America*, for the purpose of seeking his fortune, devises, in the event of his dying unmarried in a foreign country, a small cottage by name, to *Gesche Warneken*, whom he constitutes in terms "his sole heiress;" and after directing the payment by her and her father, of a sum of money bequeathed as a legacy to others named in the will, devises the turf moor belonging to his place, to *Christopher Eggers*.

The will having been admitted to probate and record, without appeal, and there being no question presented by the record in this case upon that subject, the only inquiry to which our attention is called, is, what was the intention of the testator, in the use of the terms "sole heiress;" and whether the terms used, are such, as to be sufficient to effectuate that intention, that being the only matter involved in the decision appealed from. Thus restricted, the whole case lies within a very narrow compass.

There is nothing to show, that the testator owned any property any where, other than that disposed of in his will, at the time of making it; and looking to the circumstances under which the will was made, would lead to the conclusion, that he had no other, and made his will, with a view of guarding against casualties, and of securing all he had, to those for whom he felt the most lively interest, and from whom he was soon to part.

The will informs us, that in a few days he was about to leave his "native country," for a foreign and a distant land, for the purpose of seeking his fortune; and when, at such a juncture, he deemed it necessary to make a will at all, it is not to be presumed that he would have left behind him any of his property undisposed of; and if he did make an eventual disposition of all he had at that time, (and there is no-

thing appearing to the contrary,) the provision in his will, constituting *Gesche Warneken* his " sole heiress," was perfectly nugatory, unless he had an eye to future acquisitions, which he intended for her benefit, " in case he should (in the language of the will) die unmarried in a foreign country;" and the introduction of that condition in his will, of his dying unmarried in a *foreign country*, shows that he looked to acquisitions in a foreign country, which he intended should go to her, in the event of his dying abroad and unmarried ; if, by his will, he did dispose of all the property he had at that time in *Germany*, otherwise, in no event, could there have been any thing for the provision constituting her his " sole heiress," to operate upon. Nothing in *Germany*, all he had there, being already disposed of; and if he married, or returned to *Germany*, and did not die in a foreign country, she was to take nothing under the will. Yet he certainly did intend, that provision should operate upon something, in the event of his dying abroad and unmarried ; and the will, reciting that he was about to depart for *America*, for the purpose of seeking his fortune, instructs us, that he calculated on acquiring property here. But it is not material, in the construction of the will, whether the testator had, or had not any other property at the time, than that mentioned in it. He could not have intended to apply the provision constituting *Gesche Warneken* " his sole heiress," to that which had before been given to her, nor to that which was given to another ; but must have intended it to operate upon what was not otherwise disposed of. The occasion of his making his will, and the very terms of it sufficiently show, that he meant to dispose of the whole of his property of whatsoever kind it might be, and did not intend to die intestate of any part of it, whether in *Germany*, or acquired in a foreign country, for which he was about to depart to seek his fortune ; and there is nothing to raise the slightest supposition, that he had not acquisitions made abroad, equally in contemplation with any property in *Germany*. He was going from his country and

his friends, and made his will, with a view of providing for the contingency of his dying among strangers, which shows that he meant to leave nothing undisposed of; and that with the emphatic terms used, " sole heiress," evinces the intention, that *Gesche Warneken,* who seems to have been the peculiar object of his bounty, should take whatsoever he might leave, and not otherwise disposed of by his will, in the specified event of his dying unmarried in a foreign country; and we think the terms used, by which the intention is manifested, are sufficient to effectuate that intention, and to entitle *Gesche Warneken* to the whole of the personal property left at his death in this State, after the payment of his debts, and other proper charges. Not indeed as heiress, for taking under the will, she could not, if it was real property to be affected by it, take in that capacity, but by purchase, as a legatee. The constituting her " sole heiress," being in effect, to give her every thing he had ; and in relation to personal property, equivalent to a bequest of all he possessed. It is an expression of his will, that she should have the whole of his estate in the event specified, in any capacity in which she could take it, either as devisee or legatee: as much so, as if he had said my will is, *Gesche Warneken* shall take, (or have) the whole of my estate, in case I should die unmarried in a foreign country, which would clearly carry the property in controversy, there being no set form of words necessary; and it is enough if the words used sufficiently manifested the meaning and will of the testator.

DECREE AFFIRMED.